OPINION
{¶ 1} Appellant Ernest Bahr appeals the decision of the Ashland County Court of Common Pleas that issued a civil protection order prohibiting him from having any contact with his child until February 26, 2008. The following facts give rise to this appeal.
 {¶ 2} Appellant and the complainant, Appellee Daphne Bahr, are married, but have been separated since September 2001. Efforts to reconcile have been unsuccessful. On February 25, 2003, during a visit to appellee's residence, appellant made sexual advances toward appellee. When appellee rebuffed appellant's sexual advances, appellant became upset. Appellee described appellant's behavior as follows, "He was getting mad. He was puffing up again, turning red, and I told him I didn't know why it was an issue if we were going to be getting a divorce." Tr. at 27.
 {¶ 3} Thereafter, appellant refused to leave appellee's residence and appellee informed him that she was going to call the police. Appellee retrieved the telephone book, in order to locate the telephone number for the police, and appellee took the telephone book from her and ripped it apart. Appellee next picked up the telephone to dial 911. Appellant pulled the phone cord out of the back of the telephone. Appellee placed the phone cord back in the telephone and dialed 911. As the telephone started ringing, appellant reached over appellee and slammed down the phone. Appellant left the premises before the police arrived.
 {¶ 4} On February 27, 2003, appellee filed a petition for an ex parte civil protection order, which the trial court granted. On March 5, 2003, the trial court conducted a hearing on the petition. The trial court granted the petition on March 6, 2003. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration.
 {¶ 5} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN ISSUING A CIVIL PROTECTION ORDER WHERE THE PLAINTIFF FAILED TO PROVE THAT DOMESTIC VIOLENCE OCCURRED ON THE DATE AND PLACE OR TIME ALLEGED IN THE COMPLAINT. THIS ERROR IS REFLECTED IN THE RECORD BY THE CIVIL PROTECTION ORDER FILED ON MARCH 6, 2003."
 I {¶ 6} Appellant maintains, in his sole assignment of error, the trial court abused its discretion when it issued the civil protection order because appellee failed to prove that domestic violence occurred on the date and time alleged in the complaint. We agree.
 {¶ 7} The decision whether to grant a civil protection order lies within the sound discretion of the trial court. Olenik v. Huff, Ashland App. No. 02-COA-058, 2003-Ohio-4621, at ¶ 21. Therefore, an appellate court should not reverse the decision of the trial court absent an abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 8} When granting a protection order, the trial court must find that the petitioner has shown by a preponderance of the evidence that the petitioner or the petitioner's family or household members are in danger of domestic violence. Felton v. Felton (1997), 79 Ohio St.3d 34, paragraph two of the syllabus. R.C. 3113.31(A)(1) defines "domestic violence" as "* * * the occurrence of one or more of the following acts against a family or household member:
 {¶ 9} "(a) Attempting to cause or recklessly causing bodily injury;
 {¶ 10} "(b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or 2911.211 of the Revised Code;
 {¶ 11} "(c) Committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031
of the Revised Code."
 {¶ 12} "Serious physical harm to persons" is defined in R.C.2901.01(A)(5)(a) through (e). This statute provides:
 {¶ 13} "(5) `Serious physical harm to persons' means any of the following:
 {¶ 14} "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 {¶ 15} "(b) Any physical harm that carries a substantial risk of death;
 {¶ 16} "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 {¶ 17} "(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 {¶ 18} "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
 {¶ 19} Appellant maintains the trial court abused its discretion when it granted the civil protection order because no domestic violence occurred. Based upon our review of the record, we agree with appellant's conclusion. On cross-examination, appellee testified as follows:
 {¶ 20} "Q. Did he do anything to you?
 {¶ 21} "A. Specifically, no.
 {¶ 22} "Q. Did he threaten you?
 {¶ 23} "A. He just told me he didn't have to leave.
 {¶ 24} "Q. But he didn't threaten you with any physical harm?
 {¶ 25} "A. No." Tr. at 4-43.
 {¶ 26} We have reviewed the entire transcript of the hearing and at no point during the hearing did appellee testify that appellant threatened her with any serious physical harm on February 25, 2003. Appellee did testify about threats of physical harm and physical harm that she suffered prior to this incident. See Tr. at 24, 25, 29.
 {¶ 27} Appellant claims the facts of this case are similar to those considered by the Seventh District Court of Appeals in Bruner v.Bruner, Mahoning App. No. 99 C.A. 285, 2000-Ohio-2554. In Bruner, the trial court issued a civil protection order as a result of alleged domestic violence suffered by Plaintiff Shannon Bruner. Id. at ¶ 2. Defendant Dennis Bruner appealed. Id. Defendant argued the trial court abused its discretion when it issued a civil protection order because the magistrate did not find, by a preponderance of the evidence, that an act of domestic violence occurred on the date set forth in her petition for domestic violence and request for civil protection order. Id. at ¶ 5.
 {¶ 28} The court of appeals agreed with appellant's argument and concluded that, "* * * appellee [plaintiff] made no affirmative or specific statement at the hearing on her petition to establish that she was, in fact, in fear of imminent serious physical harm on August 9, 1999. Furthermore, the magistrate clearly found that appellee was not in fear on such date. Absent an initial, explicit indication that appellee was in fear of imminent serious physical harm from appellant [defendant] on August 9, 1999, the reasonableness of her alleged fear cannot be determined by reference to her past history with appellant [defendant]. Id. at ¶ 20.
 {¶ 29} Likewise, in the case sub judice, appellee never testified, at the hearing, that she was in fear of imminent serious physical harm. In fact, on cross-examination, appellee denied that appellant had threatened her with any physical harm on the date of the incident contained in her petition for domestic violence and request for civil protection order. Further, we agree with the Bruner decision that the reasonableness of appellee's fear of imminent serious physical harm may not be determined by incidents of prior domestic violence absent an initial, explicit indication that she was in fear of imminent serious physical harm on the date contained in the petition.
 {¶ 30} Therefore, we conclude the trial court abused its discretion when it granted the civil protection order.
 {¶ 31} Appellant's sole assignment of error is sustained.
 {¶ 32} For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby reversed.
By: Wise, J., Hoffman, P.J., and Boggins, J., concur.